## GEORGE SPARHAWK *vs.* GINERY TWICHELL.

The report of a master to whom a suit in equity has been referred, is inadmissible to explain, or in any way affect the final judgment therein.

If, in the erection of a partition fence, more than one half is built upon the land of one of the adjoining owners, without his consent, he may remove the excess; and if, in order to effect such removal, it becomes necessary to take down the whole fence, he may rightfully do so.

TORT for assault and battery. At the trial in the superior court, the plaintiff introduced evidence tending to prove that while he was removing a fence which had been erected on his wife's land without leave, the defendant made an assault upon him, and shook and beat him. The defendant denied the charge of assault and battery, and alleged that the fence in question was in fact upon land of the Boston and Worcester Railroad Corporation, of which he was president, and that he only endeavored to prevent the plaintiff from removing the fence, and used no more force than was necessary for that purpose, and to defend himself; and, in support of the title of the corporation to the land, the defendant put in evidence a bill in equity brought by the present plaintiff to compel the corporation to release the same, together with the answer and final decree therein. The plaintiff then offered to read to the jury the report of a master to whom that case had been referred, for the purpose of explaining certain facts in the bill and answer; but *Brigham*, J. rejected the evidence.

The fence referred to was a tight board fence, with wooden posts about eight feet apart. The judge instructed the jury that one half of a partition fence may be built on the land of each of the adjoining owners; and that if one owner builds more than one half of such fence upon the land of the other, without license, the latter has a right to remove the excess, and no more. The plaintiff thereupon requested him to instruct the jury that if, in order to remove such excess, it becomes necessary to remove the whole fence, this may rightfully be done but the judge declined so to rule.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. J. Thomas,* for the plaintiff.

*G. S. Hale,* for the defendant, cited, as to the plaintiff's right to remove the fence, *Newell* v. *Hill,* 2 Met. 180. *Cooper* v. *Marshall,* 1 Burr. 267. *Rex* v. *Pappineau,* 1 Stra. 688. *Matts* v. *Hawkins,* 5 Taunt. 20. *Murly* v. *McDermott,* 8 Ad. & El. 138. *Dysart* v. *Leeds,* 2 Barr, 488.

MERRICK, J. 1. The defendant having produced in evidence upon the trial the bill and answer, and decree of the court therein, in a suit in equity prosecuted by the plaintiff against the Boston and Worcester Railroad Company, the plaintiff thereupon offered to introduce and read to the jury the master's report, which was found on file among the papers in the case. It was objected to, and excluded by the court. That was perfectly correct. The final decree of the court upon the allegations of the parties was conclusive upon them. It could not be controlled or in any degree affected by statements contained in the master's report, made in the course of the proceedings in the case under the direction of the court. It was then received in evidence; and it is to be presumed that the due and proper weight was given to it in forming the conclusions upon which the final judgment was rendered. In this manner it might exert a material influence in leading to the rendition of the final judgment, but could not afterwards be resorted to for the purpose of affecting or explaining it.

2. The presiding judge correctly instructed the jury that, by the law of this commonwealth, a partition fence may be erected on the dividing line between the lands of conterminous proprietors, in such manner that it will stand one half on the land of each of them ; and that, if one of them constructed it so that more than one half stood on the land of the other, without his consent, the latter would have a right to resist the encroachment and to remove the excess from his premises. The plaintiff then asked for the further instruction, that if, in the exercise of this right of removal, it became and was necessary to take down the whole of a post constituting a portion of the fence

erected by the other owner, in order to get rid of or remove from his own premises the part of it which projected into his land farther than the other party was legally entitled to place it, he would be justified in doing so. But the court refused to accede to the request.

It is a very familiar principle of law that, whenever a power or right is given and conferred to do any of certain enumerated acts for a particular purpose, whatever is essential and necessary to the exercise and enjoyment of such right and power, is by reasonable implication included in the grant; otherwise it would be of no value. Thus, the authority given by law to a conterminous proprietor to build one half of the partition fence on the land adjoining his own gives him an unqualified right to enter upon and occupy so much of the premises as is needful for that purpose. If he uses more he is a trespasser; and the part of the structure which is in excess upon his neighbor's land is a nuisance, which may be abated. The right of abatement is limited to the excess, if it can be exercised when confined thereto. *Newell* v. *Hill,* 2 Met. 180. *Rex* v. *Pappineau,* 1 Stra. 688, cited in *Cooper* v. *Marshall,* 1 Burr. 267. But as any part of the structure in excess of such occupation is unlawful, and may be removed at all events, if it cannot be done without destroying the whole fence, that must be admitted to be a justifiable act, because it is a necessary and unavoidable consequence of the exercise of an unqualified right. If the law did not allow this, the injured party would be without adequate means of redress for an acknowledged injury, and would be unjustly deprived of the use and enjoyment of some portion of his land by an irremovable nuisance placed upon it by a trespasser.

It may not be easy to conceive how a fence could so be constructed on the dividing line that the excess, above one half of it, upon adjoining land could not be removed without destroying the whole structure. But that is mere matter of proof. If the plaintiff could establish any such fact, he had a right to avail himself of it. Claiming that upon the evidence in the case the jury would have been warranted in finding it, he should have been allowed to submit the decision of the ques-

tion to them, and under the instructions which were asked for.
The refusal to adopt them was therefore erroneous; and the ex-
ceptions for this reason must be allowed.

*Exceptions sustained.*